# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-203V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
KENDRA SAGE,                        *   Chief Special Master Corcoran
                                    *
            Petitioner,             *   Filed:  July 31, 2024
                                    *
      v.                            *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Naseem Kourosh*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On January 7, 2021, Kendra Sage filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her August 13, 2020, receipt of an influenza ("flu") vaccine. Petition (ECF No. 1). The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Mar. 12, 2024 (ECF No. 37).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated July 1, 2024 (ECF No. 42) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $54,704.91, reflecting $46,149.30 in fees incurred for the services of

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Ms. Leah Durant, Esq., and paralegals, plus $8,555.61 in litigation-associated costs. Mot. at 1. Respondent reacted to the final fees request on July 11, 2024. *See* Response, dated July 11, 2024 (ECF No. 43) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner filed a reply, maintaining her position and requesting that she be awarded the requested fees and costs as indicated. Reply, dated July 25, 2024 (ECF No. 44).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$54,704.91**.

I.   **Calculation of Fees**

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

| Attorney | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| **Leah Durant** | $395.00 | $420.00 | $441.00 | $463.00 | $486.00 |
| **Michael Milmoe** | -- | -- | -- | $553.00 | $584.00 |

2

| | | | | | |
|---|---|---|---|---|---|
| **Glenn MacLeod** | -- | -- | $525.00 | $553.00 | -- |
| **Paralegals** | $160.00 | $165.00 | $173.00 | $181.00 | $190.00 |

ECF No. 42-1 at 1–15.

Ms. Durant and her colleagues practice in Washington, DC—a jurisdiction that is, by definition, "in forum." Accordingly, she should be paid forum rates as established in *McCulloch*. *See Clavio v. Sec'y of Health & Hum. Servs.*, No. 17-1179V, 2024 WL 329239 (Fed. Cl. Spec. Mstr. Jan. 2, 2024). The rates requested for Ms. Durant and her colleagues are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[3] *Murray v. Sec'y of Health & Hum. Servs.*, No. 17-1357V, 2024 WL 1433667 (Fed. Cl. Spec. Mstr. Mar. 5, 2024); *E.H. v. Sec'y of Health & Hum. Servs.*, No. 17-126V, 2023 WL 8543593 (Fed. Cl. Spec. Mstr. Nov. 16, 2023); *Aycock v. Sec'y of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $8,555.61 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of two experts: Timothy Hancock and Uma Srikumaran, M.D. ECF No. 42-2 at 2. Mr. Hancock reviewed the medical records and submitted an invoice reflecting a total of $1,000.00 (billing at an hourly rate of $125.00) charged to the matter. *Id.* at 8. Dr. Srikumaran reviewed the medical records and authored one written report in this case. He submitted an invoice reflecting a total of $6,700.00 (billing at an hourly rate of $1,000.00) charged to the matter. Because the amounts requested for these experts are reasonable overall,[4] the costs associated with their work will be reimbursed in full. All other

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited July 31, 2024).

[4] In accepting Dr. Srikumaran's requested costs, however, I am not embracing or deeming appropriate his requested hourly rate. But the total billed to the matter was reasonable, especially in light of the outcome.

requested costs in this matter are commonly incurred in the Vaccine Program and are reasonable herein.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$54,704.91**, reflecting $46,149.30 in attorney's fees and $8,555.61 in costs in the form of a check made jointly payable to Petitioner and her attorney, Ms. Leah V. Durant.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.